UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                    No. 00-4231

CRAIG WAYNE HOLESTON,
Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of West Virginia, at Charleston.
John T. Copenhaver, Jr., District Judge.
(CR-99-181)

Submitted: September 20, 2000

Decided: October 5, 2000

Before WILKINS and WILLIAMS, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Gregory M. Courtright, COLLINS & COURTRIGHT, Charleston,
West Virginia, for Appellant. Rebecca A. Betts, United States Attor-
ney, Steven I. Loew, Assistant United States Attorney, Charleston,
West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Craig Wayne Holeston appeals the 84-month sentence imposed upon his guilty plea to damaging an energy facility, in violation of 18 U.S.C. § 1366(a) (1994). Because the district court did not clearly err in finding that Holeston committed the offense in an attempt to conceal another crime and that Holeston was not entitled to a reduction in his offense level for acceptance of responsibility, we affirm.

In the early hours of August 23, 1999, Holeston stole candy from a vending machine in the office building at the Arch Coal Hobet 21 coal mine site. He then set fire to the building, causing approximately $4,500,000 in damage. At his Fed. R. Crim. P. 11 proceeding, the prosecutor stated that Holeston burned the building in an attempt to conceal the theft. Holeston told the judge that what the prosecutor had said was correct.

The district court found that Holeston's base offense level plus adjustments for special offense characteristics totaled 21 points. See U.S. Sentencing Guidelines Manual §§ 2B1.3(c), 2K1.4(a)(4), 2B1.3(b)(1), 2B1.1(a), 2B1.1(b)(1)(P) (1998). Two levels were added because the district court determined that Holeston committed the offense in an attempt to conceal another offense. See USSG § 2K1.4(b)(1). The district court declined to reduce Holeston's offense level for acceptance of responsibility. See USSG § 3E1.1. With a resulting offense level of 23 and a criminal history category of IV, Holeston's guideline range was 70-87 months. The court imposed an 84-month sentence.

Holeston contends that the district court erred in finding that he had committed the crime in an attempt to conceal the candy theft. He claims that he was under the influence of alcohol and Xanax and was not thinking clearly enough to have been able to formulate such a

2

scheme. Additionally, he told authorities that he did not know why he had set the fire. Holeston maintains that the government simply had no evidence that he started the fire in an effort to conceal another crime.

The United States bears the burden of proving by a preponderance of the evidence that the enhancement of 2K1.4(b)(1) applies. See generally United States v. Urrego-Linares, 879 F.2d 1234, 1239 (4th Cir. 1989). We review the district court's factual findings for clear error. See United States v. Dawkins, 202 F.3d 711, 714 (4th Cir.), cert. denied, ___ U.S. ___, 68 U.S.L.W. 3712 (U.S. May 15, 2000) (No. 99-9011). Here, Holeston agreed at his guilty plea proceeding with the prosecutor's statement that Holeston set the fire to conceal the theft. Further, there was testimony at sentencing that Holeston had admitted to investigators that on the night of the building fire he also had set fire to a vehicle to cover-up any evidence of his earlier break-in of the vehicle. Additionally, investigators who went to Holeston's home after the fire learned from Holeston's grandfather that Holeston had placed a large amount of snacks and candy in the refrigerator and then had burned them. Wrappers recovered from the scene of that fire were consistent with items stolen from the vending machine. Finally, there was evidence that Holeston's cousin had warned him--erroneously--that a surveillance camera at the building would record any crimes he might commit. Given these facts, the district court did not clearly err in concluding that Holeston set fire to the building in an attempt to conceal--indeed to destroy all evidence that he had committed--another crime.

Holeston also contends that the district court should have reduced his offense level for acceptance of responsibility. We review the district court's denial of an adjustment for acceptance of responsibility for clear error. See United States v. Holt, 79 F.3d 14, 17 (4th Cir. 1996). "The sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility, [and its determination] . . . is entitled to great deference on review." USSG§ 3E1.1, comment. (n.5); see United States v. White, 875 F.2d 427, 430-31 (4th Cir. 1989). In light of Holeston's arrest for possession of marijuana in December 1999, his threatening his grandparents, his failure to provide urine specimens five times while on bond, and his failure to attend drug treatment on three occasions while on bond, the district

3

court did not clearly err in determining that this behavior was inconsistent with a finding that Holeston had accepted responsibility for his crime.

We accordingly affirm the sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4

i